### KENNISTON *v.* AVERY & a.

A partial payment of a debt by one of the firm that contracted it, is evidence against all the partners to prevent the bar of the statute of limitations, in favor of a party who has had dealings with the firm and has not had notice of its dissolution.

A negotiable security taken as collateral to an antecedent debt, is no satisfaction of such debt unless it be paid, or unless it appear that an injury has resulted to the debtor through the laches of the creditor.

The burden of proof is upon the party who sets up such a defence to an action upon the antecedent debt.

ASSUMPSIT on a note dated December 21, 1833, for $303.25, payable to the plaintiff or order on demand with interest, and executed by the defendants who were partners at the time. They pleaded the general issue and the statute of limitations.

The plaintiff proved that on the 9th day of September 1835, Avery paid the sum of $100 which was indorsed upon the note.

The defendants then offered in evidence a receipt signed by the plaintiff, of the following tenor:

"August 22, 1836. Received of E. W. Avery an order for $110.42, dated 22d August 1836, on John Colby, to be presented to said Colby for payment, and if paid to be allowed said Avery on the note of Bartlett & Avery. John Kenniston."

It appeared that at the date of the receipt, Colby resided in Boston and was a partner of the plaintiff; that he was then in good credit but failed in April 1837. The order was produced by the plaintiff, and had not been paid, and no evidence was given of its having been presented for payment.

A verdict was taken for the plaintiff subject to the opinion of the court upon the evidence, and the questions of law arising thereon were transferred to this court for determination.

*Quincy*, for the plaintiff.

*W. C. Thompson*, for the defendants.

Woods, J. It is well settled that a partial payment of a debt by a party who has contracted it, is a sufficient acknowledgment of its existence and of the paying party's liability in regard to it, to be evidence of a new promise to pay it, and to prevent the bar of the statute of limitations. *Exeter Bank* v. *Sullivan*, 6 N. H. 124.

It has elsewhere been held that a new promise of one of several co-promisers was equivalent to a new promise of all of them, and that accordingly a partial payment made by one standing in that relation, preserved the existence of the debt or revived it against the others. But the law has in this particular been held otherwise in this State. The ground assumed is, that there must be a new promise, either express or to be inferred from the acknowledgment of the indebtedness by payment or otherwise, in order to prevent the operation of the statute; and a party having no power, either express or resulting clearly from his relations, to bind another by an original undertaking, has no power to make such new promise. In other words, there is nothing in the mutual relation of mere co-promisers that authorizes one to act for the other in

enlarging the scope or effect of his original undertaking. *Bank* v. *Sullivan, ubi supra.*

But the state or relation of partnership implies a mutual authority of each party to it, to bind the others in any contract or agreement falling within the object of the association. Each partner is the agent of the others for the purpose of contracting debts proper for the prosecution of their business, by borrowing money, purchasing goods, hiring labor, or otherwise, and to liquidate balances and give notes or bills in behalf of the firm, and according to the general principles of the law of agency, the act or admission of one is taken and held to be the act or admission of the others, who become thereby as completely bound as if they themselves participated in them, or by any means expressly authorized them.

Upon this ground the promise of one partner, or other equivalent act, has always been deemed effectual to preserve as against his copartners a debt otherwise barred by the statute of limitations. The power to do this has justly been regarded as one of those properly involved in the relation of copartnership, and necessary for the effective discharge of its appropriate objects.

It is true that the case does not afford direct evidence of the existence of the partnership at the time that the payment was made which is relied on as evidence of the new promise. But there is no proof of its dissolution; nor, if its continuance be not matter of legal inference in the absence of such proof, is there any evidence that the plaintiff had notice of a dissolution when he received the payment. With respect to the plaintiff, who had had dealings with the firm, and had not received actual notice of its dissolution, the defendants continued to be partners and capable of binding one another as such in matters within the ordinary scope of partnership powers.

We think therefore that the payment made by one of the defendants might justly have been regarded by the

plaintiff as the act of both. By the previous dealing of the firm with the plaintiff, each partner stood accredited with full power to act and to speak for the other in regard to the proper business of the firm; and the plaintiff had a right to draw from the act of one the same inferences that he might have drawn from it if both had been present approving or participating in it.

Another ground taken by the defendant is, that on the 22d of August 1836, he drew an order upon one Colby for $110.42, payable to the plaintiff on demand; that the plaintiff received it and undertook in writing to present the same for payment; but that he has not done so, and that Colby failed in the month of April following.

It is not assumed that the order was given and received in payment of the antecedent debt. Indeed the terms of the receipt which the defendant took for it and which appears in the case, are such as to shut out such a pretence, if it had been made. But the defence proceeds upon the idea that the plaintiff has been guilty of laches in not presenting the order seasonably for payment, and has thereby made himself chargeable with the amount, and as if by a sort of estoppel, precluded himself from denying that his debt is paid.

The general rule is that one who has taken negotiable securities as collateral to an antecedent debt, is considered as having applied them toward its payment, if he have received the money due upon them, or if he have so conducted with respect to them that their value has been lost or impaired to the party of whom he received them. *Matter of Brown*, 2 Story 502; *Chamberlyn* v. *Delarive*, 2 Wilson 353; *Gallagher* v. *Roberts*, 2 Wash. Ct. 191. The question is whether the plaintiff has so conducted in the present case.

If Colby, the drawee, had funds of the defendant in his hands at the time when the order ought to have been presented, out of which it was his duty to have paid the

Kenniston *v.* Avery.

order, then the omission of the plaintiff to present it was a neglect clearly recognized in law as injurious to the defendant, who has thereby and by the subsequent failure of Colby, been prevented from recovering the funds. But that fact does not appear in the case. It is not stated whether the drawee had or had not funds in hand to meet the order, and the defence therefore is not made out. In the case of *Chamberlyn* v. *Delarive*, 2 Wilson 353, that fact was conceded.

This is not the case of a payee seeking to recover upon the bill and taking upon himself the burden of proof. It is necessary for the defendant to show all the facts essential to his defence. He fails to prove damage from the plaintiff's omission to present the order, because he does not prove that the drawee had funds subject to the draft. In order to maintain this action, which is upon a cause anterior to and wholly independent of the order, it is not necessary that the plaintiff should prove that he has not received any thing by reason of the order, or that he has not so dealt with it as to injure the defendant. It is upon the defendant to prove the affirmative. *Matter of Brown,* 2 Story 502 ; *Gallagher* v. *Roberts,* before cited.

There must thererefore be

*Judgment on the verdict.*